UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS DELGADO,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION CENTER,<br>Respondent. | No. 1:26-cv-06631-DJC-CSK<br><br><u>RELEASE ORDER</u><br>A# 216-837-577 |

Before this Court is Petitioner Juan Carlos Delgado's Petition for Writ of Habeas Corpus (ECF No. 1.) Petitioner entered the United States with a B2 visa; he subsequently applied for asylum and has held valid employment authorization since 2020. (Opp'n, Ex. A (ECF No. 15) at 3.) Petitioner was detained on June 24, 2026, and did not receive a pre-deprivation hearing. (*Id.* at 2.) Petitioner later received a bond hearing on July 30, 2026, and was denied bond. (Opp'n, Ex. G (ECF No. 15) at 1.) Petitioner is detained under 8 U.S.C. § 1226(a).

On November 6, 2026, the Court noted that upon review Petitioner appeared to present a claim regarding the failure to provide pre-arrest process similar to the one recently granted by the Court in *Vivas Moncada v. Warden, California City Detention Center*, No. 1:26-cv-07842-DJC-CSK, 2026 WL 3320743 (E.D. Cal. Nov. 3, 2026), and authorized Respondents to file a sur-reply. (ECF No. 20.) In their sur-reply, Respondents argue that a pre-deprivation custody hearing was not required in

Petitioner's case for several reasons. First, they argue that Petitioner does not have a constitutionally protected interest: "district have found that where a noncitizen overstays their temporary visa . . . a noncitizen is entitled only to relief afforded by applicable regulations." (Sur-Reply (ECF No. 21) at 1.) But here, Petitioner's history is not merely a visa overstay: he has applied for asylum and has held an Employment Authorization Document for years. (Opp'n, Ex. A at 3.) As this Court and others have held in similar cases, "Petitioner has a protected liberty interest as 'a person who has been living within the United States for years who has repeatedly been granted authorization to work lawfully in this country.'" *Busto v. Warden, California City Det. Ctr.*, No. 1:26-cv-06975-DJC-SCR, 2026 WL 3362229, at *1 (E.D. Cal. Nov. 5, 2026) (quoting *Yu v. Warden of the California City Det. Ctr,* No. 1:26-cv-04075-DJC-AC, 2026 WL 1972560, at *6 (E.D. Cal. July 8, 2026), *findings and recommendations adopted*, No. 1:26-cv-04075-DJC-AC, 2026 WL 3333976, at *1 (E.D. Cal. Nov. 4, 2026)); *see also Wang v. Mullin*, No. 1:26-cv-08826-DJC-AC, 2026 WL 3380530, at *1 (E.D. Cal. Nov. 6, 2026).

Respondents cite *Rodriguez Diaz v. Garland*, 53 F.4th at 1206–07 (9th Cir. 2022) for the proposition that "[i]n the § 1226(a) context, a prompt, individualized bond hearing satisfies *Mathews,* and continued detention remains constitutional absent a case-specific defect." (Sur-Reply at 2.) As this Court explained in *Yu*, 2026 WL 3333976, the Ninth Circuit's holding in *Rodriguez Diaz* does not resolve the question of under what circumstances a pre-deprivation hearing is required under the three-part balancing test articulated in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) for petitioners with a protected liberty interest. Therefore, the Court proceeds to analyze what process due is under the three factors laid out by the Supreme Court in *Mathews:* (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used," and (3) the Government's interest, "including the function involved and the fiscal and

administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

Respondents argue that even if the first prong in the *Mathews* analysis, which considers Petitioner's interest in his own liberty, "were . . . to weigh in Petitioner's favor, the remaining *Mathews* factors tilt in the government's favor." (Sur-Reply at 2.) Respondents maintain the risk of erroneous deprivation is minimal because Petitioner, unlike noncitizens re-detained after a previous release, had never been assessed for danger or flight risk, and because he received a bond hearing about a month after his arrest. (*Id.* at 3.) On the third factor, Respondents claim a "significant" interest in detaining Petitioner because he had not previously been in removal proceedings and because Petitioner "had no prior assessment of flight risk or danger." (*Id.*)

However, the absence of a prior assessment of flight risk or danger neither reduces the risk of erroneous deprivation nor establishes a significant government interest: it only underscores that no decisionmaker had considered whether Petitioner's detention was warranted before he was detained. More fundamentally, post-deprivation process is not interchangeable with pre-deprivation process: process should generally come before deprivation, and exceptions are reserved for situations where an urgent government interest requires delay. *Vivas Moncada*, 2026 WL 3320743, at *2 (citing *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53 (1993)). Respondents identify no such interest here beyond Petitioner's lack of former assessment regarding flight risk or danger or lack of history in removal proceedings before detention. Neither argument is sufficient to explain why Respondents could not provide Petitioner with process <u>before</u> depriving him of liberty. The Court notes that Petitioner's criminal history consists of two speeding infractions, a 2024 boating infraction for failing to have a child wear a Personal Flotation Device, and a 2024 Class B misdemeanor conviction for impaired driving. (Opp'n, Ex. A at 3.) Like the non-violent offenses in *Vivas Moncada*, Petitioner's criminal history hardly suggests an imminent danger to the public justifying delaying process. As such, and for the

reasons fully detained in *Vivas Moncada,* 2026 WL 3320743, the Court finds that Petitioner's detention without a pre-deprivation hearing violated his due process rights, and that the post-deprivation bond hearing did not cure that violation.

**CONCLUSION**

IT IS HEREBY ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is granted.[1]
2. Respondents are ordered to immediately release Petitioner Juan Carlos Delgado from custody and return all of Petitioner's documents and possessions.
3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating his arrest and detention and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight. Petitioner shall be allowed to have his counsel present.
4. The Clerk is directed to serve the California City Detention Center with a copy of this Order.
5. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **November 17, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[1] In the interest of judicial economy, the Court does not address Petitioner's other claims made in the Petition (ECF No. 1) and First Amended Petition (ECF No. 13.)